Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| |  |
|---|---|
| KUNWAR KISHORE ARORA,<br><br>*Plaintiff,*<br><br>v.<br><br>TODD C. BARRETTA & ELIZABETH S. PAONESSA,<br><br>*Defendants.* | Civil Action No. 19-18051<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Defendants' Emergent Motion for a Temporary Restraining Order and Preliminary Injunction. D.E. 2. The Court reviewed the submission in support and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion is **DENIED** because this Court lacks subject matter jurisdiction and this case is **REMANDED** to the Superior Court of New Jersey.

## I.   BACKGROUND

On August 27, 2019, Plaintiff filed a Verified Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, seeking a summary eviction of Defendants due to their alleged failure to pay rent. D.E. Notice of Removal, Ex. A, D.E. 1-1. Defendants removed the matter to this Court on September 16, 2019, asserting that there is subject matter jurisdiction pursuant to 28 U.S.C. § 1331, by virtue of a Chapter 13 bankruptcy petition filed by Defendant

Barretta on February 6, 2019, and because there is diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶¶ 7-12.

On September 25, 2019, the Court granted Plaintiff's motion to remand in a virtually identical case. In that matter, the same Defendants removed a January 17, 2019 Verified Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, that also sought a summary eviction of Defendants due to their alleged failure to pay rent. *Arora v. Barretta*, No. 19-10562, D.E. 1, 7 (D.N.J. Sept. 25, 2019). The January 17 and August 27 Verified Complaints were filed as distinct, separately captioned matters in state court and, therefore, when removed, were given separate docket numbers. Shortly after this Court remanded the January 17, 2019 Verified Complaint, Defendants were evicted. The present motion for injunctive relief concerns Defendants' eviction and the treatment of their personal property during the eviction. Defendants' overarching argument is that the state court lacked jurisdiction to move forward with the eviction because the state court matters was, in essence, stayed as a result of Defendants' removal of both cases. D.E. 3.

## II. LAW & ANALYSIS

District courts must have original subject matter jurisdiction to hear a case. 28 U.S.C. § 1441(a). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Under this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding.").

Here, Defendants maintain that this Court has federal question jurisdiction pursuant to § 1331. *See* Notice of Removal ¶¶ 7-9, D.E. 1. For removal to be proper under § 1331, the removed

2

claims must arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule. According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion*, 2013 WL 5952042, at *2. Plaintiff's Complaint does not assert a federal claim. Instead, Plaintiff filed a summary proceeding to evict Defendants for failure to pay rent. Notice of Removal, Ex. A. Accordingly, there is no federal question jurisdiction on the face of the Complaint. *See, e.g., Eubanks v. Young Women's Christian Ass'n*, No. 13-2050, 2013 WL 4781033, at *8 (M.D. Pa. Sept. 5, 2013) ("It is well settled law that federal courts typically lack subject matter jurisdiction over state eviction actions or other landlord-tenant matters") (internal quotation omitted).

Defendants, however, contend that this Court has subject matter jurisdiction because of a Chapter 13 bankruptcy petition filed by Defendant Barretta on February 6, 2019. *See* Notice of Removal ¶¶ 7-9. Specifically, Defendants argue that this matter involves issues related to or arising out of the bankruptcy. *Id.* ¶ 7 (stating that federal jurisdiction exists because the state court eviction matter "will determine and decide issues related to property of the bankruptcy estate and the value of creditor's disputed claims in the bankruptcy case").

Bankruptcy jurisdiction, pursuant to 28 U.S.C. § 1334(b), "extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." *Stoe v. Flaherty*,

436 F.3d 209, 216 (3d Cir. 2006). Cases "under" title 11 are the bankruptcy petitions themselves. *Id.* This type of jurisdiction is clearly not applicable here. "A case arises under title 11 if it invokes a substantive right provided by title 11." *Id.* Whether to evict a tenant pursuant to New Jersey law does not invoke a substantive right provided by title 11. *See Woodbridge Ctr. Prop., LLC v. Woodbridge Pizza, LLC*, No. 09-2050, 2009 WL 2096058, at *4 (D.N.J. July 14, 2009) (stating that claims "couched in common law contract principles" did not arise under Bankruptcy Code because "[t]hose claims could have been, and in fact were, asserted outside the context of the Bankruptcy proceeding"). Accordingly, this type of bankruptcy jurisdiction is also not relevant. Next, "[c]laims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstances, could only arise in the context of a bankruptcy case." *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260 (3d Cir. 2007). Plaintiff's summary proceeding to evict Defendants can obviously exist in state court independent of a bankruptcy proceeding. As a result, this case also does not invoke "arising in" bankruptcy jurisdiction. *See Susqeuhanna Commercial Fin. Inc. v. Herdocia*, No. 06-5125, 2007 WL 137837, at *3 (E.D. Pa. Jan. 16, 2007) (explaining that case did not arise in title 11 because "[p]laintiff could certainly allege breach of contract claims against defendant if [the third-party vendor] were not a debtor in the Texas bankruptcy proceeding").

Finally, "a proceeding is 'related to' a bankruptcy case if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Stoe*, 436 F.3d at 216. The Court, however, need not address whether Plaintiff's Verified Complaint is related to Barretta's bankruptcy petition because the petition was dismissed on June 28, 2019, *In re Barretta*, D.E. 51, No. 19-12526 (Bankr. D.N.J. June 28, 2019), and the bankruptcy case was closed on August 1, 2019, *id.* at D.E. 55 (Bankr. D.N.J. Aug. 1, 2019). Accordingly, any resolution of Plaintiff's Verified Complaint will have no effect on the estate, because there is no longer an estate

4

to be administered in bankruptcy court.[1] As a result, the Court does not have jurisdiction under § 1334(b).

Defendants contend, in the alternate, that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal ¶ 10. To establish diversity jurisdiction pursuant to § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). Removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). Although Defendants state that the amount in controversy here exceeds $75,000, the Verified Complaint indicates that there is only $17,563 in unpaid rent. D.E. 1-1 at 5. Accordingly, the Court concludes that Defendants have not established, by a preponderance of the evidence, that the amount in controversy requirement is met. Because the amount in controversy does not exceed $75,000, diversity jurisdiction is lacking in this instance.

In sum, this Court lacks subject matter jurisdiction over this matter. As a result, the Court does not have jurisdiction to reach the merits of Defendants' motion for a temporary restraining order and preliminary injunction. Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 15th day of October, 2019

**ORDERED** that Defendants' Motion for Temporary Restraining Order and Preliminary Injunction (D.E. 3) is **DENIED**;

---

[1] Defendants also argue that this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because the claims raised here form part of the same case or controversy as the Bankruptcy Court action. Notice of Removal ¶¶ 11-12. Because the Bankruptcy matter was dismissed, the Court will not address this argument. The Court notes, however, that even if supplemental jurisdiction did exist, it would have allowed Defendants to assert additional claims in the Bankruptcy matter, not to bring related claims in a separately captioned matter in District Court.

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Law Division, Special Civil Part, Union County; and it is further

**ORDERED** that the Clerk of the Court is directed to provide a copy of this Opinion and Order on Defendants via certified and regular mail; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

_/s/ John Michael Vazquez_
John Michael Vazquez, U.S.D.J.